CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 29 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BOSTIC DEVELOPMENT AT LYNCHBURG, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY UNIVERSITY, INC., <br><br> Serve: Sharon J. Hartless <br> Registered Agent <br> 1971 University Blvd. <br> Lynchburg, Virginia 24502 <br><br> Defendant. | Case Number 6:05CV00013 |

## COMPLAINT FOR DELCARATORY JUDGMENT AND OTHER RELIEF

COMES NOW Bostic Development at Lynchburg, LLC ("BDL"), by counsel, and files this Complaint for Declaratory Judgment and Other Relief against the defendant, Liberty University, Inc. ("LUI"), and in support thereof states as follows:

### PARTIES AND JURISDICTION

1. BDL is a limited liability company incorporated under the laws of the State of North Carolina and has its principal place of business in the State of North Carolina at 500 Kivett Dairy Road, McLeansville, North Carolina 27301.

2. LUI is a non-stock corporation incorporated under the laws of the Commonwealth of Virginia, and having its principal place of business in the City of Lynchburg, Virginia. Upon information and belief, Ms. Sharon J. Hartless is the registered agent for LUI.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

12859/1/1259484.1

Case 6:05-cv-00013-NKM   Document 1   Filed 04/29/05   Page 1 of 5   Pageid#: 1

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This is, in part, an action for declaratory judgment pursuant to the Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, for the purpose of adjudicating an actual controversy between BDL and LUI as to the contractual relationship existing between the parties.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. On or about April 24, 2003, BDL, as landlord, entered into a Master Lease Agreement ("the Lease") with LUI, as tenant. The Lease provides, among other things, that LUI agrees to lease and rent from BDL certain premises (the "Premises") described in the Lease and the Exhibits attached thereto. A true and correct copy of the Lease and its corresponding Exhibits is attached hereto as **Exhibit 1**.

7. The Lease also requires that BDL cause to be constructed on the Premises and delivered to LUI certain apartment units (the "Units"). Following execution of the Lease, BDL entered into a contract with Bostic Construction, Inc. to construct the Units ("the Project").

8. During the course of the Project, LUI exercised its authority under the terms of the Lease, and directed Bostic Construction, Inc., a separate entity from BDL, to perform additional work on the Project. Although Bostic Construction, Inc. performed the work at LUI's request, LUI has refused to pay Bostic Construction, Inc. at least $600,000.00 for the additional work LUI requested from Bostic Construction, Inc.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

2

12859/1/12594841
Case 6:05-cv-00013-NKM   Document 1   Filed 04/29/05   Page 2 of 5   Pageid#: 2

9. As a result, at least in part, of LUI's failure to pay Bostic Construction, Inc., multiple subcontractors and vendors have filed mechanic's liens ("the Liens") against the Premises that is owned by BDL ("the Lienors"). In addition, some of the Lienors have filed suits ("the Lawsuits") in the Lynchburg City Circuit Court seeking to enforce the Liens. BDL is a named defendant in all of those Lawsuits.

10. At least one of Bostic Construction, Inc.'s subcontractors has filed a Motion for Judgment against BDL as a result of Bostic Construction, Inc.'s alleged failure to pay that subcontractor.

11. The amount of the Liens are in excess of $1,000,000.

12. The mortgagee for the Premises has made a demand upon BDL to bond-off the Liens. To the extent BDL is forced to bond-off the Liens, it will expend significant amounts of monies in so doing.

13. Although LUI has acknowledged at least $445,198.85 for the labor, materials and/or supplies provided by Bostic Construction, Inc., LUI has failed to pay Bostic Construction, Inc., and thereby forced BDL to expend monies, including attorney's fees, to defend itself against the Lawsuits.

14. The Lease requires LUI to indemnify BDL for the additional work that LUI directed Bostic Construction, Inc. to perform. Despite its obligation to indemnify BDL, LUI has failed and refused to do so.

15. The Lease permits the prevailing party of this litigation to recover its reasonable attorney's fees, court costs and cost of discovery. BDL seeks to recover those damages from LUI.

16. As a direct and proximate result of LUI's breach of the Lease, BDL has incurred, is incurring, or will incur damages currently estimated at $ $250,000.00.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

3

12859/1/12594841
Case 6:05-cv-00013-NKM   Document 1   Filed 04/29/05   Page 3 of 5   Pageid#: 3

17. In addition, LUI is asserting, through letters to BDL and other communications, that BDL is responsible for amounts totaling up to $1,354,043 for late and incomplete delivery of the buildings and grounds associated with the Lease, including costs for completing construction, late fees, and lost revenues.

### Count I: Declaratory Judgment

18. BDL hereby incorporates paragraphs 1 through 17, above, as if fully set forth herein.

19. There exists an actual controversy between Liberty and BDL as to items and amounts being asserted by LUI against BDL, as set forth in Paragraph 17, above.

20. LUI is not entitled to recover against BDL for the items and amounts being asserted.

21. Accordingly, an actual controversy exists between the parties as to their legal obligations under the Lease.

WHEREFORE, BDL requests that this court enter an Order construing the Lease, and declaring the respective rights and obligations of the parties thereunder, including the following:

(a) that BDL is not in default under the terms of the Lease; and

(b) that Liberty is not entitled to recover against BDL for the items and the amounts referenced in Paragraph 17, above, or otherwise.

BDL asks for this relief together with such additional relief as the Court may deem appropriate, including an award of its attorney's fees and costs incurred in bringing this action.

### Count II: Damages for Breach of Lease

22. BDL hereby incorporates Paragraph 1 through 17, above, as if fully set forth herein.

23. As a result of LUI's failure to fulfill obligations it has to Bostic Construction, Inc., BDL has incurred, is incurring, and/or will incur damages, including costs to defend against mechanic's lien claims, costs to bond-off mechanic's lien memoranda, and attorney's fees, as set forth above.

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

24. LUI's failures in regards to Bostic Construction, Inc. constitute a breach of the Lease with BDL.

WHEREFORE, BDL requests that the Court enter judgment against LUI in an amount to be proven at trial, but currently estimated at $250,000.00 for damages, plus pre-judgment interest, post-judgment interest, attorney's fees, costs and such other relief as the Court deems just and proper.

BOSTIC DEVELOPMENT AT LYNCHBURG, LLC DEMANDS A TRIAL BY JURY.

BOSTIC DEVELOPMENT AT LYNCHBURG, LLC

By: _____
Of Counsel

K. Brett Marston (VSB No. 35900)
J. Barrett Lucy (VSB No. 48512)
GENTRY LOCKE RAKES & MOORE, LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
Telephone: (540) 983-9300
Facsimile: (540) 983-9400
Counsel for Bostic Development at Lynchburg, LLC

LAW OFFICES
GENTRY LOCKE
RAKES & MOORE
ROANOKE, VIRGINIA

5

12859/1/1259484.1
Case 6:05-cv-00013-NKM   Document 1   Filed 04/29/05   Page 5 of 5   Pageid#: 5