CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 16 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BOSTIC DEVELOPMENT AT LYNCHBURG, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> LIBERTY UNIVERSITY, INC., <br><br> *Defendant.* | CIVIL ACTION NO. 6:05-CV-00013 <br><br> ORDER AND OPINION <br><br> JUDGE NORMAN K. MOON |

The Court is in receipt of the Complaint of Plaintiff Bostic Development at Lyncburg, LLC ("BDL"), filed on June 28, 2004. Plaintiff asserts that jurisdiction exists on the basis of diversity of citizenship under 28 U.S.C. § 1332, yet he still has not demonstrated that this Court has jurisdiction pursuant to that statute.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986), *reh'g denied* 476 U.S. 1132 (1986). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. *See* Fed. R. Civ. P. 8. *See also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) ("The plaintiff has the burden of proving that subject matter jurisdiction exists."). In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be

confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir.1999) (citations omitted). *See also* 13 Fed. Prac. & Proc. Juris. § 3522 at 62–63 (2d ed. 1984) ("The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Thus, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint."); 15 Moore's Federal Practice §102.31 ("A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively.").

The requirements for pleading diversity when unincorporated entities are involved are well settled. Specifically, the citizenship of a partnership or other unincorporated entity is defined by the citizenship of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). *See also New York State Teachers Retirement System v. Kalkus*, 764 F.2d 1015, 1017 (4th Cir. 1985) ("The rule that an unincorporated association was a citizen of the state of each of its constituent members was announced nearly a century ago . . . ."). Accordingly, to properly allege that an unincorporated entity is diverse, a party must affirmatively allege the citizenship of each of its members. 2-8 Moore's Federal Practice § 8.03 ("An allegation of citizenship of a partnership or unincorporated association should *specify the particular states of citizenship of each partner or member*.") (emphasis added).

In light of these standards, Plaintiff's complaint does demonstrate the existence of diversity jurisdiction under § 1332. Plaintiff stated that BDL "is a limited liability company incorporated under the laws of the State of North Carolina and has its principal place of business in the State of North Carolina." Plaintiff did not allege the specific citizenship of the constituent members of BDL. Therefore, it has not satisfied the pleading requirements to establish subject

2

matter jurisdiction.

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended complaint that properly establishes federal subject matter jurisdiction will be deemed responsive to this Order.

The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *Norman K. Moon*
U.S. District Judge

Date: May 16, 2005