CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 25 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

BOSTIC DEVELOPMENT AT LYNCHBURG, LLC,

    *Plaintiff,*

v.

LIBERTY UNIVERSITY, INC.,

    *Defendant.*

CIVIL ACTION No. 6:05-CV-00013

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

The Court is in receipt of the Second Amended Complaint of Plaintiff Bostic Development at Lyncburg, LLC ("BDL"), filed on April 29, 2005. For a third time, Plaintiff argues that diversity of citizenship exists pursuant to 28 U.S.C. § 1332, but it has still not managed to plead the factual basis for such diversity. Because Plaintiff has already had two opportunities to demonstrate the existence of subject matter jurisdiction, this action shall dismissed for lack of subject matter jurisdiction.

As explained in the Court's Second Order to Show Cause, the requirements for pleading diversity when unincorporated entities are involved are well settled. Specifically, the citizenship of a partnership or other unincorporated entity is defined by the citizenship of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). *See also New York State Teachers Retirement System v. Kalkus*, 764 F.2d 1015, 1017 (4th Cir. 1985) ("The rule that an unincorporated association was a citizen of the state of each of its constituent members was

announced nearly a century ago . . . ."). Accordingly, to properly allege that an unincorporated entity is diverse, a party must affirmatively allege the citizenship of each of its members. 2-8 Moore's Federal Practice § 8.03 ("An allegation of citizenship of a partnership or unincorporated association should *specify the particular states of citizenship of each partner or member.*") (emphasis added). Pursuant to this rule, if a parent LLC contains a constituent member LLC or corporation, the citizenship of the parent LLC cannot be established until the citizenship of constituent member LLC or corporation is determined pursuant to the usual standard. In such situations, an inquiry is necessary into the citizenship of the members of the constituent member LLC, or into the state of incorporation and principal place of business of the corporation.

Here, Plaintiff has successfully identified the members of the constituent LLCs for BDL. One of the members of a constituent LLC, however, is the Hahn Family Investment Trust, which Plaintiff identifies simply as "a North Carolina trust." This pleading is inadequate. As the Second Order to Show Cause discussed, when pleading the citizenship of a non-person entity, it is insufficient simply to make a conclusory claim that the entity is a citizen of a particular state. (Second Order to Show Cause at 2.) ("When pleading the citizenship of a natural person, it is sufficient for purposes of a complaint to state that the natural person is a citizen of a particular state. More is required, however, when pleading the citizenship of a non-person entity.") Plaintiff must rely upon specific and sufficient factual pleadings, not upon a mere legal conclusion, to properly establish jurisdiction.

When pleading citizenship for diversity purposes, the United States Supreme Court has consistently held that the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. *Navarro Sav. & Loan Ass'n v. Lee*, 446 U.S. 458,

462 (1980) (*citing McNutt v. Bland*, 43 U.S. (2 How.) 9, 15 (1844)). Historically, this requirement held that only natural persons, and not "artificial or invisible legal creatures" who were not capable of independent citizenship, could be real and substantial parties to the controversy. *Navarro*, 446 U.S. at 461 (citations and internal quotations omitted). Although corporations subsequently have been deemed to be "citizens" pursuant to 28 U.S.C. § 1332, *see Navarro*, 446 U.S. at 461, in other contexts involving non-person entities, courts still look to citizenship of the entity's natural persons to determine the real and substantial parties to the controversy. *See id.* (noting that "unincorporated associations remain a mere collection of individuals," so when the persons composing such association sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction). Therefore, when determining jurisdictional citizenship for trust, courts look to the citizenship of the trustee who maintains it. *Id.* at 462 (noting the rule that "the trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship.") (citation omitted). It is the citizenship of the trustee, and not of the beneficiary, that is relevant because when a trustee possesses certain customary powers to hold, manage, and dispose of a trust's assets, he is the real party to the controversy. *Id.* at 465.

In the instant case, therefore, assuming the trustee of the Hahn Family Investment Trust possesses the customary powers of a trustee, Plaintiff must identify and state the citizenship of its trustee to properly plead diversity jurisdiction as to the trust. Because Plaintiff did not properly plead facts sufficient to determine the citizenship of an essential constituent LLC of BDL, the existence of diversity jurisdiction cannot be established from its Second Amended Complaint.

3

At this stage in the proceedings, Plaintiff's failing is fatal. Although the Second Order to Show Cause did not expressly identify the rule for determining the citizenship of a trust, it clearly indicated that merely plead the citizenship of a non-party entity was insufficient. Moreover, it is not appropriate for the Court to constantly assist Plaintiff's inadequate efforts to satisfy diversity pleading requirements by supplementing Plaintiff's work with necessary but missing legal analysis. Having already received two free bites at the apple, Plaintiff shall not receive a third.

For the foregoing reasons, this matter shall be dismissed for lack of subject matter jurisdiction.

ENTERED: *[signature]*
U.S. District Judge

*August 25, 2005*
Date

4